# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### January 23, 2002 Session

## STATE OF TENNESSEE v. NATHAN SCOTT POTTER

**Appeal from the Criminal Court for Sullivan County**
**No. C45,195    Phyllis H. Miller, Judge**

---

**No. E2001-01760-CCA-R3-CD**
**April 2, 2002**

---

JOSEPH M. TIPTON, J., concurring.

I concur in the results reached in the majority opinion. However, I disagree with its implicit conclusion that legislative action regarding pretrial procedure in cases before the courts does not infringe upon the separation of powers doctrine.

Specifically, the majority opinion states that legislative action regarding pretrial procedure does not interfere with the courts' authority to adjudicate substantive issues. In other words, it interprets the supreme court's analysis in State v. Mallard, 40 S.W.3d 473 (Tenn. 2001), regarding the inherent power of the courts relative to the separation of powers doctrine, to be limited to trial matters. I respectfully disagree with this interpretation.

In Mallard, the court acknowledged the legislature's authority to enact rules of evidence in certain circumstances. However, it stated that the power "must inevitably yield when it seeks to govern the practice and procedure of the courts." Id. at 480 (emphasis added).

> Only the supreme court has the inherent power to promulgate rules governing the practice and procedure of the courts of this state . . . . Furthermore, because the power to control the practice and procedure of the courts is inherent in the judiciary and necessary "to engage in the complete performance of the judicial function,". . . this power cannot be constitutionally exercised by any other branch of government . . . .

Id. at 480-81 (quoting Anderson County Quarterly Court v. Judges of the 28th Judicial Cir., 579 S.W.2d 875, 877 (Tenn. Crim. App. 1978)) (additional citations omitted). Although the issue in Mallard focused the supreme court's attention on the inherent judicial power to determine the

relevance of evidence at trial, the court did not purport to limit the courts' inherent powers to that function. The "legislature can have no constitutional authority to enact rules, either of evidence or otherwise, that strike at the very heart of a court's exercise of judicial power." Id. at 483. "It is well settled that Tennessee Courts have inherent power to make and enforce reasonable rules of procedure." State v. Reid, 981 S.W.2d 166, 170 (Tenn. 1998); see also Van Tran v. State, 6 S.W.3d 257, 265 (Tenn. 1999). Thus, the fact that the provisions in question in the present case are procedural rather than evidentiary is of no import to the separation of powers analysis.

I acknowledge that I have previously ruled that Rule 4, Tenn. R. Civ. P., regarding the requirement of a summons applies to cases under the Motor Vehicle Habitual Offenders Act. See State v. Gary M. Sexton, No. E2000-00167-CCA-R3-CD, Knox County (Tenn. Crim. App. Nov. 6, 2001). However, the court also concluded that the show cause order issued by the trial court essentially satisfied the purposes of a summons.

In this respect, I note that the supreme court in Mallard stated that "the courts of this state have, from time to time, consented to the application of procedural or evidentiary rules promulgated by the legislature." 40 S.W.3d at 481. It stated that in the interest of comity, the judiciary consents to legislative acts regarding evidence and procedure when the acts "(1) are reasonable and workable within the framework already adopted by the judiciary, and (2) work to supplement the rules already promulgated by the Supreme Court." Id. I believe that the procedures enacted by the legislature regarding habitual motor offenders are intended to address the particular problem of the expeditious determination of bad or dangerous drivers and removal of them from Tennessee roads. I also believe that the procedures provided in the Act are sufficiently the equivalent of the rules of procedure that the Act should be acknowledged as controlling the procedure for cases under the Act.

_____
JOSEPH M. TIPTON, JUDGE